UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| RANDY L. HUENEFELD AND ASHLEY N. HUENEFELD<br>  PLAINTIFF,<br><br>VS.<br><br>WAUSAU SUPPLY COMPANY and NEW SOUTH<br>  DEFENDANTS, | )<br>)<br>)<br>)<br>) Case No.: 3:19-CV-50022<br>)<br>)<br>)<br>) |

## SECOND AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiffs, Randy L. Huenefeld and Ashley N. Huenefeld, by and through their attorneys, Mahoney & Mahoney, LLC. by Timothy Mahoney, and in support of their complaint against Defendants, Wausau Supply Company and New South, alleges as follows:

### GENERAL ALLEGATIONS

1. The Plaintiffs, Randy L. Huenefeld and Ashley N. Huenefeld, are citizens of the State of Illinois.

2. The Defendant, Wausau Supply Company, is a corporation that is a citizen of the State of Wisconsin whose State of Incorporation as well as its principle place of business is the State of Wisconsin.

3. The Defendant, New South, is a corporation that is a citizen of the State of Mississippi whose State of Incorporation as well as its principle place of business is the State of Mississippi.

4. The amount in Controversy without interests and costs exceeds the amount specified in 28 USC Section 1332.

5. On or about February 28, 2018, Wayne Pagryzinski, was an employee of Wausau Supply Company for the purposes of driving a tractor-trailer.

6. On or about February 28, 2018, Wausau Supply Company, was in the business of hauling and transporting merchandise.

7. On or about February 28, 2018, Wayne Pagryzinski was an agent of the Defendant, Wausau Supply Company.

8. On or about February 28, 2018, Wayne Pagryzinski was working within the scope of his employment and or agency of the Defendant, Wausau Supply Company.

9. On or about February 28, 2018, The Defendant, Wausau Supply Company by and through its employees and or agents including Wayne Pagryzinski, loaded a trailer for purposed of hauling goods and proceeded to drive the trailer through the State of Illinois.

10. The Defendant, Wausau Supply Company, by and through its employees and agents including but not limited to Wayne Pagryzinski were responsible for securing and safely hauling the load that was being driven by Wayne Pagryzinski on the date of this wreck.

   a. That it was the duty of Wausau Supply Company by and through its agents' employees including but not limited to Wayne Pagryzinski to use ordinary care in the transportation of the load being hauled by the defendant's employee and agent, Wayne Pagryzinski.

   b. That it was the duty of Wausau Supply Company by and through its agents and employee's to not cause injuries to the Plaintiff Randy Huenefeld.

11. On or about February 28, 2018, The Defendant, New South was installing equipment, preforming construction, or otherwise generally maintaining equipment on, abutting with, adjacent, and parallel to US 20 in the area of the intersection of US 20 and Tiger Whip Road in Jo Daviess County.

   a. That it was the duty of New South by and through its agents and employees to erect traffic control devices to assist traffic in safely navigating the roadway.

   b. That it was the duty of New South by and through its agents and employees to use ordinary care in the erecting, maintaining, and continued use of their equipment.

   c. That it was the duty of New South by and through its agents and employee's to not cause or contribute to injuries to the Plaintiff Randy Huenefeld.

12. On or about February 28, 2018, at approximately 2:09 p.m. the Plaintiff, Randy Huenefeld, was a passenger in a vehicle being driven by Michael Wagner.

13. That at the time and date aforementioned the vehicle being driven by Michael Wagner in which Plaintiff, Randy Huenefeld, was a passenger, was traveling westbound on US 20 just east of Tiger Whip Road in Jo Daviess County.

14. That at the time and date aforementioned the vehicle the Plaintiff, Randy Huenefeld was a passenger in had come to a stop on US Route 20 West due to construction work being conducted NewSouth Access Environment Solutions.

15. That at the time and date aforementioned, another vehicle driven by Zaid Abdallah had also come to a lawful stop, and was positioned behind the vehicle driven by Michael Wagner, within which the Plaintiff was a passenger.

16. That the Defendant, Wausau Supply Company by and through their employees and or agents, Wayne Pagryzinski, notwithstanding the aforementioned duty ignored and drove his vehicle into the rear of the vehicle lawfully stopped behind the vehicle in which the Plaintiff, Randy Huenefeld was a passenger.

## COUNT I - NEGLIGENCE
### Personal Injury Claim

17. 1. – 16. Plaintiff, Randy L. Huenefeld, repeats the allegations, and incorporates by reference paragraphs One (1) through Sixteen (16 in the General Allegations as though fully set forth in General Allegations.

18. 15. The Defendant Wausau Supply Company, was negligent in that;

   a. The Defendant, Wausau Supply Company, by and through its agent and employee, was driving its vehicle at an excessive rate of speed in violation of Illinois State Statute 625 ILCS 5/11-601.

3

b. The Defendant, Wausau Supply Company, by and through its agent and employee, failed to reduce its vehicle's speed to avoid a wreck at the intersection of US Route 20 and South Tiger Whip Road in violation of Illinois State Statute 625 ILCS 5/11-601.

c. The Defendant, Wausau Supply Company, by and through its agent and employee, failed to keep a proper lookout.

d. The Defendant, Wausau Supply Company, by and through its agent and employee, operated its vehicle in a manner that failed to make a timely application of his brakes or do otherwise control his speed.

e. The Defendant, Wausau Supply Company, by and through its agent and employee, failed to keep the tractor-trailer within a proper distance from the other vehicles on the roadway in violation of Illinois State Statute 625 ILCS 11-710.

f. The Defendant, Wausau Supply Company, by and through its agent and employee, followed too closely to the other vehicles in violation of Illinois State Statute 625 ILCS 11-710.

g. The Defendant, Wausau Supply Company, by and through its agent and employee, drove the vehicle at a high rate of speed in a construction zone in violation of the Federal Motor Carrier Safely Act.

h. The Defendant, Wausau Supply Company, by and through its agent and employee, failed to reduce speed to avoid a colliding with other vehicles on the highway, in violation of Illinois State Statute 625 ILCS 11-601.

19. The Defendant, New South, was negligent in that;

a. The Defendant, New South, by and through its agents and employees to failed to erect necessary traffic control devices to assist traffic in safely navigating the roadway.

b. The Defendant, New South, by and through its agents and employees failed to use ordinary care in the erecting, maintaining, and continued use of their equipment.

20. 16. As a result of the negligence on the part of the Defendants, Wausau Supply Company and New South, the Plaintiff, Randy L. Huenefeld, suffered severe and grievous injuries, including but not limited to, mental and physical pain and suffering. He was forced to miss work to attend appointments with various physicians, thus causing him to both lose income and simultaneously incur medical bills.

21. 17. As a direct and proximate result of the cumulative negligent actions of the Defendants, Wausau Supply Company and New South, the Plaintiff, Randy L. Huenefeld, will continue to incur medical expenses in the future, will continue to lose time at work and will continue lose income, and will continue to have mental and physical pain and suffering, as a result of his injures.

WHEREFORE, Plaintiffs, Randy L. Huenefeld and Ashley N. Huenefeld, pray this court enter a judgment against Defendants, Wausau Supply Company and New South, for an amount in excess of $75,000.00 plus court costs.

## COUNT II - LOSS OF CONSORTIUM

22. 1. – 16. Plaintiff, Ashley N. Huenefeld, repeats the allegations, and incorporates by reference paragraphs One (1) through Sixteen (16) in the General Allegations as though fully set forth in Count II.

23. 15. At all times relevant to this claim, Plaintiff, Ashley N. Huenefeld, was and is the lawful spouse of Randy L. Huenefeld. As the spouse of Randy L. Huenefeld, Plaintiff, Ashley N. Huenefeld, was accustomed to and did receive the love, affection and care from Randy L. Huenefeld and was dependent on him for the necessities of life that he provided. In addition, she was entitled to and did receive the consortium and society of Randy L. Huenefeld and the other concomitants of married life.

24. 16. As a direct and proximate result of the Defendants, Wausau Supply Company and New South's, cumulative and combined negligence and other acts and omissions specified above, the Defendants, Wausau Supply Company and New South, caused serious and permanent injuries to Randy L. Huenefeld and, thereby, interfered with the relationship of Ashley N. Huenefeld and the Plaintiff, Randy L. Huenefeld, so as to deprive the Plaintiff, Ashley N. Huenefeld, of all of those elements of married life she was

accustomed to receiving. The Defendants, Wausau Supply Company and New South, thus grievously injured and damaged Ashley N. Huenefeld on those particulars of support, devotion, care, society, and consortium which she formally, prior to the injury to Randy L. Huenefeld received and which now, because of the injury, she has lost, all to the damage of Plaintiff, Ashley N. Huenefeld.

WHEREFORE, Plaintiff, Ashley N. Huenefeld, demand judgment against the Defendants, Wausau Supply Company and New South, in a sum in excess of $75,000.00 plus court costs.

Respectfully Submitted,

Mahoney & Mahoney, LLC

By: _____
Timothy Mahoney

Drafted by:

**M&M**
mahoney mahoney

Timothy Mahoney
Mahoney & Mahoney, LLC
Attorney for Randy L. Huenefeld and Ashley N. Huenefeld
50 W. Douglas St. Suite 300, Freeport, IL 61032
(815) 656-4600
tim@mahoneymahoney.com

6